**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:18-CR-00085-ALM-AGD |
| | § | |
| SERGIO SCRO (7) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Sergio Scro's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 31, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Marisa Miller.

Defendant was sentenced on December 9, 2020, before Chief District Judge Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life and a statutory minimum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 38 and a criminal history category of I, was 235 to 293 months. Defendant was subsequently sentenced to 235 months imprisonment, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100 special assessment. On February 4, 2021, the imprisonment sentence was reduced to 118 months. On May 6, 2024, the imprisonment sentence was reduced again pursuant to 18 U.S.C. § 3582(c)(2), to 94 months

imprisonment. On July 29, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

On August 21, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #634, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; and (2) (special) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing (Dkt. #4634, at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On December 1, 2025, at the United States Probation Office in Sherman, Texas, Defendant submitted a urine specimen, which tested positive for methamphetamine. The national testing laboratory confirmed the specimen was positive. On December 18, 2025, at the United States Probation Office in Sherman, Texas, Defendant submitted a urine specimen which tested positive for methamphetamine. The national testing laboratory confirmed the specimen was positive. On January 6, 2026, Defendant reported to the United States Probation Office in Sherman, Texas to submit a urine specimen; however, Defendant failed to produce a specimen. Defendant verbally admitted to the probation officer that he used methamphetamine on December 31, 2025; however, Defendant refused to sign a written admission form. On May 11, 2026, at Any Lab Test Now in Sherman, Texas, Defendant submitted a urine specimen which tested positive for methamphetamine. The national testing laboratory confirmed the specimen was positive. On July 29, 2026, at Any Lab Test Now in Sherman, Texas, Defendant submitted a urine specimen, which

tested positive for amphetamine and methamphetamine. The national testing laboratory confirmed the specimen was positive; (2) As part of the random drug testing program, on January 6, 2026, Defendant reported to the United States Probation Office in Sherman, Texas to submit a urine specimen; however, Defendant failed to produce a specimen. As part of the random drug testing program, on July 14, 2026, Defendant failed to report to Any Lab Test Now in Sherman, Texas, to submit a urine specimen (Dkt. #4634, at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (1) and (2) of the Petition. Having considered the Petition and the plea of true to allegations (1) and (2), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of four (4) months, with a 36-month term of supervised release to follow.

The court further recommends that all prior conditions should be reimposed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 11th day of September, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE